# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 4:20-CR-232 |
| § | Judge Mazzant |
| CHAD MICHAEL RIDER (2) § | |
| § | |

## MEMORANDUM ORDER AND OPINION

Pending before the Court is the Government's Motion in Limine to Exclude Proposed Expert Opinion Testimony (Dkt. #133). Having reviewed the motion and the applicable law, the Court finds the motion should be **GRANTED**.

## ANALYSIS

On June 30, 2022, Defendant Chad Michael Rider ("Rider") gave notice of his intent to introduce the expert testimony of Dr. Kristi Compton ("Dr. Compton"), a clinical and forensic psychologist (Dkt #123). Rider intends for Dr. Compton to testify at trial that (1) Rider "shows no signs of pedophilia," and (2) Rider's "personality leads him to be compliant and conflict avoidant, possibly to the point of being in denial about other[s'] intentions" (Dkt. #123 at p. 2). On July 11, 2022, the Government filed the present motion, arguing that Dr. Compton's testimony should be excluded under Federal Rules of Evidence 401, 403, and 702 (Dkt. #133 at p. 1). The Court held a pre-trial conference in this matter on July 15, 2022, during which both parties presented arguments on their respective positions. Jury trial for this case is set to begin on July 18, 2022. For the reasons discussed below, the Court finds that Dr. Compton's testimony should be excluded.

First, Rider not shown that Dr. Compton's testimony has any relevance to the offense charged. The First Superseding Indictment in this case charges Rider with three counts of the production of child pornography, each in violation of 18 U.S.C. §§ 2251(a) and (e) (Dkt. #96).

Accordingly, for the Government to prevail, it must prove each of the following elements beyond a reasonable doubt: (1) Rider employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct; (2) Rider acted for the purpose of producing a visual depiction of such conduct; and (3) the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer. 18 U.S.C. §§ 2251(a), (e); *see generally United States v. Terrell*, 700 F.3d 755, 758–59 (5th Cir. 2012). Thus, for evidence to be relevant to this case, the evidence must have a tendency to make "the existence of any fact that is of consequence to the determination" of the elements of § 2251 "more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Whether Rider has the characteristics of a pedophile or a particularly compliant personality that may have motivated him to act is simply not relevant to any element of § 2251 that the Government must prove. *See, e.g.*, *United States v. Litzky*, 18 F.4th 1296, 1303–06 (11th Cir. 2021) (holding that the defendant's "motive to produce child pornography—whether the product of her mental condition or not—is beside the point."); *United States v. Wallenfang*, 568 F.3d 649, 652–54 (8th Cir. 2009) (affirming exclusion of testimony that defendant was "not a pedophile" and "was not sexually attracted to young girls" because defendant's motive was immaterial and irrelevant to whether defendant produced child pornography).

Moreover, even if the evidence has some relevance, the Court finds it should be excluded under Rule 403. Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. As stated, the only issue in this case is whether Rider produced child pornography. Further, "because of an expert's stature *qua* expert,

jurors may assign more weight to expert testimony than it deserves." *United States v. Naidoo*, 995 F.3d 367, 375 (5th Cir. 2021) (favorably quoting *United States v. Pires*, 642 F.3d 1, 12 (1st Cir. 2011) (explaining that expert testimony can carry with it an "unwarranted aura of special reliability and trustworthiness")). Thus, not only is the probative value of Dr. Compton's testimony limited, but it also presents a risk that the jury may give the testimony undue consideration simply because it comes from an expert. On balance, the Court finds that the risk of jury confusion substantially outweighs any probative value that Dr. Compton's testimony may have. *See, e.g., Naidoo*, 995 F.3d at 375–76  (affirming exclusion of expert testimony that the defendant showed no signs of pedophiliac tendencies under Rule 403 because of "special risk of jury confusion" where defendant was charged with knowingly possessing child pornography); *Pires*, 642 F.3d at 10–12 (affirming exclusion of expert testimony on defendant's sexuality and that defendant was "not a pedophile" because testimony had "diminished relevance" in proving whether defendant knowingly possessed child pornography).

Lastly, a district court has "broad discretion to exclude expert testimony." *United States v. Reed*, 908 F.3d 102, 117 (5th Cir. 2018), *cert. denied*, 139 S.Ct. 2655 (2019). Under Federal Rule of Evidence 702, a court may exclude expert opinion testimony if the court finds that the testimony is not helpful to "the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). The Court finds that Dr. Compton's testimony is excludable under Rule 702. *United States v. Esch* is instructive on this point. 832 F.2d 531 (10th Cir. 1987). In *Esch*, the defendant, who was charged with violating § 2251, argued that the district court erred in excluding the testimony of her expert witness, a clinical psychologist. *Id.* at 534. The expert intended to testify as to the defendant's "particular psychological characteristics," including the defendant's "values regarding sexuality" and "that the defendant had a 'dependent personality.'" *Id.* The Tenth

Circuit affirmed the ruling of the district court, finding that the testimony "essentially addressed the issue of intent," which "was a matter of fact for the jury." *Id.* at 534–35. Thus, the testimony was properly excluded under Rule 702 because "[a]n expert may not substitute her judgment as to the defendant's state of mind by testifying that because of the defendant's personality, she would not have acted in a particular manner." *Id.* at 535. The same logic applies here. Dr. Compton's testimony appears to focus solely on Rider's capacity and character to form the requisite intent. Because this is a subject matter that the jury is capable of evaluating without the assistance of an expert, the testimony is properly excludable under Rule 702.

## CONCLUSION

It is, therefore, **ORDERED** that the Government's Motion in Limine to Exclude Proposed Expert Opinion Testimony (Dkt. #133) is **GRANTED**.

**IT IS SO ORDERED.**
**SIGNED this 18th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE